CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 28 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PATRINA WALKER STRAWDERMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner of ) <br> Social Security, ) <br> ) <br> Defendant. ) | Civil Action No. 5:10CV00007 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Glen E. Conrad <br> Chief United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Patrina Walker Strawderman, was born on June 15, 1961 and eventually completed her high school education. Mrs. Strawderman also took some computer classes in college. Plaintiff has worked in a variety of jobs, including babysitter, restaurant cashier, waitress, and security guard. The Administrative Law Judge found that Mrs. Strawderman had not engaged in substantial gainful activity since January 1, 2007, the date of her alleged disability onset. (TR 11). On July 24,

2007, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. Mrs. Strawderman alleged that she became disabled for all forms of substantial gainful employment on January 1, 2000 due to depression, bipolar disorder, memory loss, and shortness of breath. She now alleges that she has remained disabled to the present time. As to her claim for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. §§ 416(i) and 423(a).

Mrs. Strawderman's applications were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 19, 2009, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mrs. Strawderman suffers from severe impairments including high blood pressure and obesity. Despite these problems, the Law Judge ruled that plaintiff retained sufficient functional capacity to return to her past relevant work roles as a cashier and telemarketer. Accordingly, the Law Judge ultimately concluded that Mrs. Strawderman is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all administrative remedies, Mrs. Strawderman has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts

and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record reveals that Mrs. Strawderman underwent surgery in 1999 for the repair of a cerebral aneurysm. While the residuals of her brain surgery may contribute to her complaints of depression and memory loss, the medical record does not suggest that her surgical residuals are so severe as to render plaintiff disabled for all forms of work. Mrs. Strawderman also has a history of high blood pressure, obesity, and multiple dental problems. The court believes that there is substantial evidence to support the Commissioner's conclusion that Mrs. Strawderman's physical problems are not so severe as to constitute or contribute to an overall disability. However, the medical record also establishes that Mrs. Strawderman carries a diagnosis of depression and bipolar disorder with psychotic features. A treating psychiatrist has produced mental status findings and opinions which indicate that plaintiff is unable to work because of her nonexertional limitations. While the Administrative Law Judge discounted the treating psychiatrist's findings based on reports from a nonexamining state agency psychologist, the court concludes that the Law Judge's opinion is inconsistent with the governing administrative regulations. Indeed, the court believes that the Law Judge's reliance on the nonexamining state agency medical and psychological reports is especially suspect, inasmuch as these record reviewers produced their reports and opinions prior to receipt of the assessment from the board certified psychiatrist who serves as plaintiff's treating mental health specialist. The court concludes

3

that the Commissioner's treatment of plaintiff's psychiatric condition is not supported by substantial evidence. Moreover, based on the reports from the treating psychiatrist, the court concludes that Mrs. Strawderman has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

It seems that in January of 2007, Mrs. Strawderman was referred by physicians at the University of Virginia Medical Center to the Region Ten Community Services Board for mental health treatment. At the time of initial assessment, a clinician diagnosed major depressive disorder with possible bipolar II disorder. While the medical staff at Region Ten devised a treatment plan, Mrs. Strawderman left that service when she was incarcerated for a short period of time. In the months thereafter, plaintiff did not receive regular psychiatric attention. As noted by the Administrative Law Judge, during medical contacts for other conditions, Mrs. Strawderman did not note any major symptoms of psychiatric disturbance.

In the process of administrative adjudication of plaintiff's claims for benefits, her record was referred to nonexamining state agency medical sources for review. In a report dated August 30, 2007, Dr. Sandra Francis, a psychologist, determined that Mrs. Strawderman does not suffer from any severe psychiatric impairment. In a report dated January 4, 2008, Dr. R. S. Kadian, a state agency physician, also concluded that plaintiff does not experience severe nonexertional limitations.

In September of 2007, Mrs. Strawderman sought treatment at the Harrisonburg-Rockingham Community Services Board Free Clinic. She noted complaints of depression, anxiety, mood swings, and poor sleep. She was said to be suffering from a long history of depression. The intake clinician noted difficulties in concentrating as well as short term and long term memory problems. The provisional diagnosis was recurrent depression and bipolar disorder. Mrs. Strawderman was

4

scheduled for therapy sessions. In passing, the court notes that Dr. Kadian made reference to these earlier reports from the free clinic in his assessment of January 4, 2008.

Dr. Kenneth A. Widra, a board certified psychiatrist, completed a medical report on July 2, 2008. Dr. Widra had attended Mrs. Strawderman throughout her treatment at the free clinic. However, it appears that Dr. Widra did not complete a report during the reporting period considered by the nonexamining state physicians. The psychiatrist noted a history of depression, anxiety, and auditory hallucinations. He indicated that plaintiff had been complaining of problems with memory, concentration, and judgment since her aneurysm repair.

On December 15, 2008, Dr. Widra completed a medical residual functional capacity questionnaire. The psychiatrist again diagnosed bipolar disorder and depression. He assessed plaintiff's current GAF as 50.[1] Dr. Widra listed clinical findings of depression, anxiety, auditory hallucinations, intermittent paranoia, and deficits in memory and concentration. In terms of plaintiff's work-related functional capacities, Dr. Widra opined that Mrs. Strawderman experiences serious limitations in her ability to make work-related decisions, respond to changes in work routine, and deal with workplace hazards. He considered plaintiff to be incapable of maintaining attention for more than two hours, maintaining regular attendance, sustaining an ordinary routine without supervision, working in coordination with others, completing a normal work day without interruptions due to her symptoms, performing at a consistent pace without periods of rest, responding appropriately to

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A score between 41 and 50 is indicative of serious symptoms or any serious impairment in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 48 (4th ed. text rev. 2000).

instructions from supervisors, interacting with co-workers, or dealing with normal work stress. Dr. Widra opined that plaintiff's symptoms had persisted since 1997.

On December 15, 2008, Dr. Widra reported as follows:

> Patrina recently moved into her own apartment, accompanied by son and husband. They have signed up for Section 8 housing with assistance from staff. She is also applying for Disability and indicated an interest in DRS and signed up and recently completed their vocational testing and interest inventory (expresses some interest in cosmetology if possible). Her mood is stable. She denies suicidal ideation of psychosis, but I note that she remains chronically disabled due to combination of cognitive deficits, difficulty with interpersonal skills, and limited concentration and anergia due to frontotemporal insult. No side effects noted.

(TR 466).

As previously noted, the Administrative Law Judge discounted Dr. Widra's reports and assessment. The Law Judge credited the opinions of the nonexamining psychologist and the nonexamining physician that plaintiff does not experience severe nonexertional limitations and that she remains capable of performing light levels of work. In support of this finding, in addition to the reports from the nonexamining medical sources, the Law Judge cited "inconsistencies" in the testimony of plaintiff and her witnesses. (TR 16). The Law Judge indicated that Dr. Widra's reports and assessments were not supported by appropriate clinical notations. (TR 17).

The court does not believe that the Law Judge's treatment of Dr. Widra's reports and opinions, or the Law Judge's reliance on the reports of a nonexamining psychologist and nonexamining physician, comport with the requirements of the administrative regulations dealing with the evaluation of opinion evidence. Under 20 C.F.R. §§ 404.1527(d)(1) and 416.927(d)(1), it is explicitly provided that, generally, more weight will be given to the opinion of a medical source who has actually examined the claimant. Moreover, 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) direct that,

generally, more weight is given to the opinions from treating sources, since such professionals are more likely able to provide a detailed, longitudinal picture of the claimant's medical impairments. Finally, under 20 C.F.R. §§ 404.1527(d)(5) and 416.927(d)(5), it is noted that more weight is accorded to the opinion of a specialist about medical issues related to the area of specialty. In the instant case, it is clear that Dr. Widra actually saw and treated Mrs. Strawderman on several occasions, whereas the state agency psychologist and physician have never seen or examined the plaintiff. Moreover, there can be no question that Dr. Widra qualifies as a treating source. Perhaps most importantly, in plaintiff's case, there is a substantial contrast between the qualifications of Dr. Widra and those of the nonexamining state agency sources. Dr. Widra is a physician with a medical speciality in psychiatry. He is board certified. The state agency psychologist is not a physician. The psychologist neither examined nor treated Mrs. Strawderman on even a single occasion. Likewise, Dr. Kadian is not a mental health specialist. Dr. Kadian did not personally examine Mrs. Strawderman, and he certainly did not undertake to provide treatment on even a single occasion. In such circumstances, the court does not believe that the Law Judge's reliance on the reports from the nonexamining state agency medical sources can be deemed to be supported by substantial evidence.

Moreover, the court finds no evidence to support the notion that Dr. Widra's psychiatric opinions are inconsistent with the clinical notes. All of the mental health specialists who have actually examined Mrs. Strawderman agree that she suffers from depression and bipolar disorder. All of the clinicians deemed plaintiff's psychiatric problems to be of such severity as to require medication and ongoing psychiatric treatment. Dr. Widra specifically listed clinical findings including depression, anxiety, hallucinations, and paranoia. (TR 446). He noted that Mrs. Strawderman experiences deficits in memory and concentration. (TR 446). The court finds that the

evidence does not support the Law Judge's determination that Dr. Widra's opinions are inconsistent with his clinical observations.

In his memorandum in support of a motion for summary judgment, the Commissioner correctly observes that in various clinical notes compiled during his treatment of plaintiff, Dr. Widra listed relatively normal mental status findings. Indeed, on several occasions, plaintiff was said to have enjoyed a good response to medications. However, the court does not believe that such facts provide a reasonable basis in support of the rejection of Dr. Widra's opinion. Psychiatric evaluations cannot be based on x-rays or laboratory studies. Instead, a mental health clinician must be able to observe the claimant, consider her complaints, and assess mental status. Perhaps it is for this reason that the administrative regulations emphasize the importance of the examining relationship and the treatment relationship.

In this case, there is no medical evidence which would support the Commissioner's rejection of the findings, assessment, and opinions of the only psychiatrist who has offered input. The court finds it remarkable that the Law Judge would accord controlling weight to the reports of nonexamining sources who have simply reviewed the medical record in formulating their opinions, but who did not have the opportunity to consider the reports of the only psychiatrist who has actually treated Mrs. Strawderman. Record reviews are of little value when the record is not complete. The court cannot help but note that if the Commissioner had reason to doubt the accuracy or consistency of the psychiatric assessment offered by Dr. Widra, the Commissioner had full authority to require Mrs. Strawderman to appear for a consultative evaluation by an independent psychiatrist designated by the state disability agency. See 20 C.F.R. §§ 404.1517, 404.1518, 416.917, and 416.918. No such consultative psychiatric (or psychological) examination was commissioned by the state disability

agency and, as it now stands, the psychiatric evidence supporting plaintiff's claim of disability is essentially undisputed by any examining or treating source. Inasmuch as it is clear that Mrs. Strawderman is unable to engage in any regular and sustained employment activity under the findings of Dr. Widra, the court concludes that plaintiff has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

As noted above, Mrs. Strawderman sought treatment on several occasions in 2007 without complaining of significant symptoms of psychiatric dysfunction. She did not find it necessary to seek psychiatric treatment at the free clinic until August 26, 2007. For this reason, the court finds that Mrs. Strawderman has met the burden of proof in establishing that she became disabled for all forms of substantial gainful employment as of August 26, 2007.

Given the disposition set forth above, the court finds it unnecessary to consider plaintiff's alternative motion for remand for consideration of new medical evidence. In passing, the court notes that the new evidence consists of a report from an examining psychologist at the Virginia Department of Rehabilitative Services which indicates that Mrs. Strawderman experiences disabling nonexertional impairments.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must therefore be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act for entitlement to disability insurance benefits, judgment will be entered in favor of plaintiff. The final decision of the Commissioner will be reversed and the case remanded for the establishment of proper benefits. The Commissioner's final decision denying supplemental security income benefits will also be reversed to the extent that the denial was based on the finding that

plaintiff is not disabled. However, since the Commissioner has apparently not considered whether plaintiff meets the financial eligibility requirements under that benefit program, the court must remand the case for an appropriate determination. An order and judgment in conformity will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 28th day of October, 2010.

_____
Chief United States District Judge